The limitation imposed by the statute in actions of assumpsit is, that they “ shall be commenced within four years next after such cause of actions or suits and not after.” The only difficulty which can ever arise, is in fixing with precision the moment of time, when the cause of action or the right to sue arose. As a general rule it may be said to arise at the instant that the promise is broken ; and that, in the cases of promises raised by implication, can only be ascertained by considering the subject matter of the contract, and the nature of the thing to be done.
Thus, if one for a sufficient consideration promise that he will go to Rome, without specifying within what time, the right *52 of action does not immediately arise, because it is impossible to perform the promise in an instant, and a reasonable time must therefore be allowed ; but if he promise to pay money and neglect to do it, an action lies presently, for that may be instantly done. An appropriate illustration of this principle will be found in the case of Topham v. Braddick, 1 Taunt. 572. There the plaintiff had consigned goods to a firm of which the defendant was a member, to be sold and disposed of on account of the plaintiff, without any special contract as to the terms of the commission. About fourteen years after, the plaintiff demanded an account of the sales, and the payment of the proceeds, and this not being complied with, he brought his action. The defendant pleaded the statute of limitations, but the Court held that no action lay until demand made, and that the plaintiff was not barred. The statute did not begin to run from the beginning of the contract, nor until a demand was made, for that was a collateral thing, which the plaintiff was obliged to do before ho could sue.
In the case under consideration, the defendant, the sheriff of Abbeville district, had collected money for the plaintiff, under an execution against a third person ; by the exigency of the writ he was bound to have the money before the Court at its return, to render to the plaintiff. Now if the plaintiff was not there to demand or receive it, he could not maintain an action, for no wrong had been done him. When then did the cause of action arise 1 Not necessarily when he went out of office; for if no cause of action existed against him before, that could not give one; nor at the time when by law he was exempted from a rule, for as between the parties that was a civil remedy, and would not lie unless he refused payment. It is palpable then, that a new state of things must exist, before a suit could be maintained. The case before cited furnishes the rule: The plaintiff was bound to do a collateral thing, to demand payment, and if it was refused, then an action lay, and then, and not until 'then, the statute would begin to run.
The principle is distinctly recognized in the case of the Executors Moore ads The Treasurers. 1 N. & M. 214. That was an action on a sheriff’s bond to recover money collected by, him on execution, and on a question as to the time when the computation of interest should commence, it was held that it should be *53 calculated from the time of the demand made, for until then there had been i\o violation of the obligation of the sheriff to pay over money collected by him.
It was not the duty of the sheriff to pursue the party intitled, wheresoever he might be. Here no question had been raised as to the time when the demand was made, and the Court, will not presume against the verdict, that it was made more than four years before suit brought. The verdict was for the amount received, with interest from the time the defendant went out of office. The rule furnished by the case of Moore ads The Treasurers is, that in the absence of proof of any óther demand, the plaintiff is only intitled to interest from the time the aetion was commenced, and that for the same reasons must govern here* It is -therefore ordered that a new trial be granted, unless the plaintiff release or remit the interest up to that time, and that a new trial be refused if he do so upon notice of this order.
Colcocii J. concurred.
Motion granted, nisi.